M. L. MOSELEY, *et al., Appellants,* v. HARRY TAYLOR, *Appellee.*

Opinion Filed November 17, 1914.

1. The will of a head of a family who died in 1886, residing in this State on eighteen acres of land which he attempted to devise by his will, was void under the Constitution of 1868.

2. It is incumbent upon a complainant to allege in his bill every fact clearly and definitely that is necessary to enable him to relief, and if he omits essential facts therefrom, or states such facts as show he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing.

3. Where a deceased head of a family residing on eighteen acres of land in this State in 1886, when he died, attempted to devise his homestead to his widow, who continued to reside on it for three years, and where the widow conveyed the land to one of the two sons of the deceased husband on July 18th, 1908, who on November 24th, 1908, mortgaged the land to innocent parties without notice of facts which showed the land to have been the homestead of the deceased, a bill for partition of the said homestead land, filed by the other son

of said deceased, against the mortgagees and his brother, for the partition of said eighteen acres of land as the alleged homestead of his father, twenty-seven years after the death of his father, there being no previous notice to the mortgagees of such alleged homestead claim, is without equity, as the complainant is barred by his laches in asserting his alleged rights in said land.

Appeal from Circuit Court for Suwannee County; M. F. Horne, Judge.

Decree reversed.

*F. B. Coogler,* for Appellants;

*Humphreys & Blackwell* and *J. L. Blackwell,* for Appellee.

HOCKER, J.—Harry Taylor of Madison County brought his Amended Bill of Complaint in the Circuit Court of Suwannee County against M. L. Moseley and T. B. Williams, doing business under the firm name of Moseley & Williams, of Pasco County, Florida, and W. B. Taylor of Calhoun County, Florida, alleging and praying in substance, as follows: That William B. Taylor, late of Suwannee County, the father of complainant, Harry Taylor, and defendant W. B. Taylor and husband of one Mary L. Taylor, was in his lifetime and at the time of his death, the owner of, and at the time of his death was the head of a family living upon the following described lands: (Here follows a description of the land, which contains 18 acres more or less, now situated within the corporate limits of the City of Live Oak, in Suwannee County.) That when William B. Taylor moved on said land for the purpose of residing on the same as a home, said land was

not within the limits of the City of Live Oak, but said limits were subsequently extended to include said land; that William B. Taylor died in October, 1886, intestate as to said land, leaving Mary L. Taylor, his wdow, and W. B. Taylor and Harry Taylor his sons and only heirs at law; that William B. Taylor by his will attempted to devise said land to his widow; but it was the homestead of said William B. Taylor, and said will was null and void, and at the death of W. B. Taylor, the complainant Harry Taylor and defendant W. B. Taylor became seized in fee of said land as tenants in common by descent from W. B. Taylor, subject to the rights of Mary L. Taylor in said homestead. It is alleged that Mary L. Taylor is entitled to a child's part, *i. e.* one-third of said land, and complainant Harry Taylor and defendant W. B. Taylor are each entitled to an undivided one-third interest in said land; that Mary L. Taylor continued to reside on said land and occupy same as her home for about three years after the death of her husband, and during the year 1889 moved off of said land, and has not had actual possession of same, or any part thereof, since. The bill alleges that no person or persons other than the complainant and defendants have any interest in or title to said premises or any part thereof, in possession, remainder, reversion or otherwise. The defendant alleges he desires partition of the premises according to the respective interests of the parties; that it was necessary for him to employ counsel, etc., and prays for partition of the premises, etc., for solicitor's fees, and for the premises to be divided among the parties according to their interests, for process, etc. The foregoing contains the substance of the amended bill, so far as it is necessary to be stated.

The defendants Moseley and Williams demurred to the amended bill, substantially on the following grounds:

1st.   There is no equity in the bill.

2nd.   That the amended bill shows complainant has been guilty of laches in asserting his alleged rights.

3rd.   The bill seeks to quiet title in a partition suit.

This demurrer was overruled, and the defendants Moseley and Williams appealed to this court.   It does not appear from the allegations of the bill that at the time of the death of W. B. Taylor, the father of complainant, which occurred in October, 1886, the premises in question were embraced in the corporate limits of the City of Live Oak.   The question whether said premises was the homestead of said W. B. Taylor is to be ascertained by the provisions of the Constitution of 1868.   We think the allegations of the amended bill show that it was a homestead as he was the head of a family residing upon the premises at the time of his death.   His attempt to devise the premises to his wife was, therefore, void as prohibited by said Constitution.   But the most important question presented is whether complainant was barred from bringing this bill by his laches in asserting his rights.   It is incumbent upon a complainant to allege in his bill every fact clearly and definitely that is necessary to entitle him to relief, and if he omits essential facts therefrom, or states such facts that he is not entitled to relief in a court of equity, he must suffer the consequences of so doing. McClinton v. Chapin, 54 Fla. 510, 45 South. Rep. 35.   It is well settled that in passing upon a demurrer to a bill every presumption is against the bill.   Id.; Dunham v. Edwards, 50 Fla. 495, 38 South. Rep. 926; Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597; Weeks v. J. C. Turner Lumber Co., 53 Fla. 793, 44 South. Rep. 173.

It is alleged in the bill that W. B. Taylor, father of complainant, by his will devised the premises to his wife.   In the absence of denial in the bill it must be assumed this

will was probated, and that complainant had notice of it. This was in 1886. Mrs. Taylor lived on the property for three years, of which fact the complainant must be assumed to have notice. Mrs. Taylor on July 18th, 1908, conveyed the premises to the other son, of which fact the complainant is presumed to have notice, as there is no denial of the fact. On November 24, 1908, W. B. Taylor and wife mortgaged the premises to Moseley and Williams, and of this fact the complainant must be presumed to have had notice, as such notice is not denied. So far as appears the complainant never asserted any right to an interest in this property from 1886, when his father died, until August 6, 1913, when his original bill was filed in this case. So far as Moseley and Williams are concerned, the record shows a good title to the premises in W. B. Taylor, complainant's brother, when he mortgaged the same to appellants Moseley and Williams on the 24th of November, 1908. There is no allegation in the amended bill that they knew anything of complainant's claim that the premises was the homestead of his father, which depends upon matters in pais. Complainant therefore allowed his claim of an interest in the premises to lie dormant for about 27 years after his father's death, (the record all the time showing an adverse claim in his mother and brother,) for nearly five years after the mortgage to Moseley and Williams was executed. The question whether land is a homestead or not must in the nature of things depend largely on matters in pais, i. e., actual residence in the State, the fact that the resident is the head of a family, etc. It therefore behooves a party who makes a claim of this kind to exercise reasonable diligence to assert his rights, in order that innocent purchasers may not be deceived. The defendants Moseley and Williams, so far as the allegations of the bill show, are innocent purchasers for value

and without notice, and the ground of demurrer to the bill setting up the laches of complainant as to them should have been sustained. For sustaining and applying this principle, see the following authorities: Anderson v. Northrop, 30 Fla. 612, text 646, 12 South. Rep. 318; Johnson v. McKinnon, 45 Fla. 388, 34 South. Rep. 272; Murrell v. Paterson, 57 Fla. 480, 49 South. Rep. 31; Pinney v. Pinney, 46 Fla. 559, 35 South. Rep. 95; Geter v. Simmons, 57 Fla. 423, 49 South. Rep. 131.

The decree overruling the demurrer to the amended bill is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.