T. W. WOOTEN, *Plaintiff in Error*, v. CARROLLTON ACCEPTANCE COMPANY, a corporation, *Defendant in Error*.
137 So. 390.
En Banc.

238

Opinion filed October 21, 1931.
Petition for rehearing denied November 18, 1931.

*D. C. Campbell*, of Jacksonville, for Plaintiff in Error;
*Marks, Marks & Holt*, of Jacksonville, for Defendant in Error.

PER CURIAM.—We will refer to the plaintiff in error as defendant and to the defendant in error as plaintiff as they so appeared in the court below.

Plaintiff filed suit in replevin against the defendant to recover possession of five "Ruggles" trucks. Defendant claimed right of possession to the trucks under an alleged

warehouseman's lien for storage and labor on these and other trucks theretofore stored and worked upon in his storage place and garage and for advances made from time to time to the dealer handling the trucks.

Defendant contends that the evidence in the court below was sufficient to show that it had a lien on the five trucks in question to defeat the recovery of the plaintiff. There was evidence tending to show that the five trucks were pledged to secure a balance of $3494.28 for labor and storage. It is also contended by defendants that the evidence shows that the plaintiff in the court below ratified said pledge and authorized its attorney to attempt to make an adjustment of the amount due for a less amount than the amount claimed. It is contended that this evidence was sufficient to bring the case under Wilson v. State, 47 Fla. 118, 36 So. 580, and that under the circumstances the question should have at least been left for the determination of the jury under proper instructions, as was done in that case.

At the close of the testimony the court directed a verdict in favor of the plaintiff. Thereupon judgment was entered, to which writ of error was sued out.

The record shows that Ruggles Motor Truck Company manufactured trucks in Saginaw, Michigan; that to finance its manufacturing of trucks, it made, executed and delivered to Carrollton Acceptance Company of Saginaw, Michigan, bills of sale to trucks as they were manufactured and that the Acceptance Company, through some arrangement with the manufacturing company, shipped the trucks to dealers in different parts of the United States for sale. That in consigning these trucks to dealers, Carrollton Acceptance Company required the dealer to execute what is termed a trust receipt which appears from the record to be an instrument which might be either construed as a receipt for property to be held in trust or a chattel mortgage. If construed as a receipt for property

to be held in trust it carried with it authority to sell and dispose of the property and to account for the proceeds thereof.

A corporation known as Ruggles Trucks, Inc., of Miami, Florida, was the Florida dealer, although the transactions between the dealer and Carrollton Acceptance Company were transacted and carried on in the name of one C. E. Anderson who was an officer of the Florida corporation. It is immaterial in this case whether the dealer was Anderson or Ruggles Trucks, Inc., of Miami, Florida. It is clearly shown that so far as was divulged to the public or to the defendant here, the dealer was Ruggles Trucks, Inc., of Miami, Florida. The dealer receiving consignments of trucks delivered them to the defendant for storage and for material and labor to be furnished and performed thereon. The defendant also from time to time made advances to the dealer at his request. Finally the dealer became indebted to the defendant in a large sum of money, the amount of which is undisputed, for storage, labor, materials and advances, and while the dealer was so indebted he had stored with the defendant a number of trucks. Finally this number was reduced to five, and upon demand being made for delivery of the trucks, the defendant claimed a lien against the trucks for the debt due him from the dealer in connection with the storage, handling and labor on the trucks, together with the advances made at the request of the dealer. It appears that the defendant, who was a warehouseman, was attempting to enforce his lien when the plaintiff instituted the replevin suit and claimed a superior right of possession as against the lien asserted by the warehouseman.

The plaintiff in this suit had no greater right of possession to the property than that which obtained in favor of the dealer. In other words, insofar as the right of possession was concerned, the plaintiff here stood in the

position of the dealer. In Glass v. Continental Guaranty Corporation, et al., 81 Fla. 687, 88 So. 876, this Court, speaking through Mr. Justice Whitfield, said:

"Where an owner consigns personal property to a dealer in such goods with express or implied authority to sell, or delivers or consigns to another personal property with indicia of ownership, or of authority to sell, but with title reserved in the owner until the payment of the purchase price, a purchaser, who pays value for such goods and gets possession thereof without notice of the terms or conditions of the original delivery, consignment or sale, obtains a good title as against the original owner, which will in general prevail against the latter's reserved title. See Bent v. Jerkins, 112 Ala. 485, 24 Am. & Eng. Ency. Law (2nd Ed.) 1165; Mechem on Sales, Sections 157, 166; 35 Cyc. 680; American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, text 120, 47 South. Rep. 942."

Under the lien statute above referred to the warehouseman occupies the same legal status as would one who took the goods in good faith for value.

Under the authority of the opinion in the case of Glass v. Continental Guaranty Corporation, etc., *supra,* it appears clear that one who had purchased for value one or more of the trucks here in controversy from the dealer without notice of the arrangement above referred to between the dealer, Carrollton Acceptance Company, and Ruggles Motor Truck Company would have acquired good title as against Carrollton Acceptance Company and Ruggles Motor Truck Company.

It does not appear that the defendant in this case could be charged with notice of the private arrangements between Ruggles Motor Truck Company, of Saginaw, Michigan, and Corrollton Acceptance Company, of the same place, or with notice of the arrangements between Carrollton Acceptance Company and the dealer.

It was incumbent upon the plaintiff to establish its right of possession to the trucks. There was evidence

242

offered by the defendant which tended to refute the claim of the plaintiff, and such evidence should have been submitted to the jury under proper instructions. The directed verdict in favor of the plaintiff was error. The judgment should be reversed, and it is so ordered.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.