DANIEL R. JONES, *et ux.*, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, a corporation, *et al.*

171 So. 317.
Division B.
Opinion Filed December 15, 1936.

*C. B. Peeler,* for Appellants;

*H. P. Osborne, John M. McNatt* and *Knight, Adair, Cooper & Osborne,* for Appellees.

PER CURIAM.—In August, 1900, David Thompson, being the owner of certain lands in Duval County, was joined by his wife in a conveyance of them to J. B. Lucy. Lucy,

at the same time, reconveyed the said lands to David Thompson and his wife for life, remainder to Henry A. Thompson and Jane C. Thompson. In April, 1904, the widow and sole heir of Henry A. Thompson conveyed the latter's interest to Jane C. Thompson, thereby vesting her with the fee, upon the death of Daniel Thompson and his wife.

In April, 1926, Jane Thompson Hart, nee Jane C. Thompson, being the owner of the fee, mortgaged the said lands to Buckman and Ulmer, which mortgage was assigned to appellee, The Equitable Life Assurance Society of the United States, for value before maturity. In March, 1935, the assignee of said mortgage filed its bill to foreclose, making appellants and other parties defendant.

To the bill to foreclose Daniel R. Jones and his wife filed an answer in which they incorporated a counter claim wherein they attempted to defeat the foreclosure on the ground that when the mortgage was executed in August, 1900, the lands mortgaged were the homestead of David Thompson, that at the time David Thompson had four children, one of whom was Bessie Thompson Jones, the then wife of Daniel R. Jones, that upon the death of David Thompson the said Bessie Thompson Jones inherited a one-fourth interest in said property, which on her death in 1930 descended to her husband, Daniel R. Jones and their five children, making the part of said Daniel R. Jones one-sixth of one-fourth or one-twenty-fourth of the mortgaged property. The bill of complaint was amended, other pleadings were entered, a master was appointed who took testimony, and on final hearing a decree of foreclosure was rendered as prayed for. This appeal is from the final decree.

It is first contended that the chancellor erred in refusing appellant's motion to stay proceedings in the main suit

until the issues in the counter claim could be matured and adjudicated.

We find no reason in the record why appellants could not have litigated the counter claim along with the main suit but it is shown that they failed to do so. The law does not require the main suit and the counter claim to be litigated together and, while cases might arise in which it should be done, if any error was committed here in failing to do this it was harmless. The counter claim may generally be litigated after the main suit.

As to the other questions raised, there are different theories on which the judgment below might be affirmed. It might be consistently disposed of for laches on authority of Moseley v. Taylor, 68 Fla. 294, 67 So. 95. The record discloses that appellants knew of the Lucy deed executed in August, 1900, that their right in the property, if they had any, accrued in 1904 or 1905 on the death of Henry A. Thompson, yet Bessie Thompson Jones, through whom Daniel R. Jones claims title, lived twenty-five years thereafter and asserted no right in the property and Daniel R. Jones waited four years after the death of his wife and thirty-four years after the Lucy deed before asserting any right in it. At the time the mortgage being foreclosed was executed the Lucy deed was regularly of record and had not been questioned for more than twenty-five years, yet the parties defendant lived in the same vicinity and knew of the status of the title.

The Lucy deeds were regular on their face. The mere fact that they conveyed the homestead to the children of David Thompson, the grantor, does not vitiate them they being otherwise regular. Daniels v. Mercer, 105 Fla. 362, 141 So. 189. The bill of complaint is devoid of allegation

to show why the grantor could not convey his homestead to his children in the manner done.

Other questions raised have been examined, but we do not consider exposition of them essential.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

BROWN, J.—As I understand it, a counter claim in cross-bill, should ordinarily be litigated along with the main suit, but the filing of a counter claim need not be permitted to delay the plaintiff in bringing his main suit to hearing. If a defendant delays bringing his counter claim to hearing, the main suit may be brought to hearing and disposed of by final decree. See McCarthy's Fla. Chancery Act, 2nd Ed. 98-99.