WALDEN, Chief Judge.
This negligence action resulted from a collision at a railroad crossing between a moving train and a stalled truck. Plaintiff was Seaboard Coast Line Railroad Company and its claim was for damages to its train, track and signal equipment. Defendant was Big Chief Construction Company, Inc., the owner of the truck.
At the conclusion of plaintiff’s case the trial court granted defendant’s motion for directed verdict, thereby ruling that there was no showing of negligence on the part of the defendant, and that the doctrine of res ipsa loquitur was not applicable. Plaintiff railroad appeals. We reverse.
It is basic and agreed that under directed verdict procedure the trial court must consider the testimony presented in the light most favorable to the plaintiff.
The collision occurred during the daytime in a rural area along a straight stretch of track.
Involved was a passenger train which approached the scene at a speed of 79 QVLP.H. Its engineer and fireman saw a truck upon the tracks. The train whistle and bell were duly sounded and the brakes applied. A collision resulted when the train could not be stopped short of the crossing. The negligence vel non of the trainmen is not in issue or decided on this appeal.
The truck was 49 feet in length and consisted of a tractor and “low boy” trailer of a type commonly used to haul heavy equipment. The tractor portion crossed over the railroad tracks without incident. However, the rig stopped while the trailer portion straddled the tracks. Defendant’s driver alighted from the tractor cab but despite his efforts was unable to discover the reason for the stoppage or to remedy it.
Ten minutes elapsed from the time of the stoppage until it was noticed that the train was approaching. An additional three minutes elapsed after this notice and until the occurrence of the collision.
While the truck was in this predicament, the driver’s foreman came upon the scene. Both realized that a train was approaching. After some delay the foreman ran up the tracks toward the train waving his hat and the truck driver climbed atop the trailer and waved his hat. As attested by the collision that followed, these efforts to warn and stop the approaching train were tardy and ineffectual.
Not used to seek assistance or to warn was a radio in the truck cab which was linked to 18 other units and the defendant’s home office.
Was there evidence of negligence on the part of the defendant truck owner sufficient to bar rendition of a directed verdict in its favor ? We think there was and that the issue of its negligence should have been submitted to the jury.
Several facets of negligence are urged upon us, such as (1) that defendant violated *23 F.S.1963, Section 317.444, F.S.A. of Florida’s traffic laws by stopping a vehicle on railroad tracks, (2) that defendant was guilty of negligence in the maintenance of its vehicle so as to cause its stoppage upon the tracks, and (3) that the happening of the collision under the circumstance should have been considered under the doctrine of res ipsa loquitur.
However, our analysis of the case leads us to believe that another mentioned point is more compelling and dispositive. It is the conduct of defendant’s employees after the truck stoppage in failing to warn the plaintiff’s train.
There is credible evidence which would warrant a finding that the defendant’s driver and foreman could have more expeditiously and effectively responded to their duty to warn and thereby have prevented the collision. This evidence should have been presented to the jury for it to decide whether or not the defendant’s employees used reasonable care under the circumstances to warn the plaintiff that its truck was stopped upon the tracks.
A similar issue was presented in Chicago, North Shore & Milwaukee Ry. Co. v. Greeley, 1953, 264 Wis. 549, 59 N.W.2d 498. The vehicle which was struck was caught upon the tracks. It was stated:
“We may assume that the situation dangerous to those rightfully using the railway’s transportation system was accidentally created by the automobile’s becoming locked between the tracks of the railway. However, this misfortune did not relieve the defendant from the responsibility to act in accordance with ordinary care. He had the duty of moving the automobile or, after a reasonable attempt proved futile, to warn the plaintiff of the existing danger. While the situation created by the lodging of defendant’s automobile on the railway’s right of way was not wilful and may not have been due to negligence, still an obligation on him immediately arose to remove the obstruction and to act with ordinary care in the matter of giving notice of the existing obstruction where a collision would endanger those rightfully using the railway’s transportation system. * * * ”
“From this evidence and more of similar import in the record, the jury rightfully concluded that there was opportunity for mature deliberation and that the defendant ought to have discovered the hopelessness of his situation as to moving his automobile in time to give the necessary warning to the plaintiff’s operators. The jury decided that at the point in time when he and his friend saw that the more they pulled, the deeper the wheels slid in, ordinary care required the defendant, in discharge of the duty to do everything that an ordinarily prudent man would do under similar circumstances to warn plaintiff of the presence of the automobile on the right of way and of the imminence of a collision.”
Similarly, whether reasonable warning was given an approaching train by the driver of a vehicle immobilized upon the tracks was found to be a jury question in Fitzgerald v. Boston & Maine R. R., 1952, 328 Mass. 297, 103 N.E.2d 245; Cincinnati, New Orleans and Texas Pacific R. Co. v. Zeder, Ky.1959, 328 S.W.2d 525, and Chicago, Rock Island and Pacific R. Co. v. Breeding, 10 Cir. 1957, 247 F.2d 217.
The last mentioned case is strikingly similar on its facts to the one sub judice. A tractor trailer rig 49 feet in length became stuck on the tracks. Attempts were made to remove it from its position of peril, but when these proved of no avail the driver ran up the track waving a flashlight. From 6 to 15 minutes elapsed between the time the tractor trailer stalled and the collision. The court held that, “[ujnder the evidence, there was also an issue of fact as to whether [the driver] discharged his duty to avoid the collision by exercising ordinary care to warn the Railroad Company of the fact that the truck was stalled on the crossing.”
*24 Finding no meaningful distinction between the above cited cases and the case at bar, and believing that the same accord with the basic principles of the law of Florida, we decide that error was committed in the trial court when, under the evidence, a verdict was directed for defendant at the end of plaintiff’s case.
The appealed judgment is reversed and the case remanded for further proceedings consistent herewith.
Reversed and remanded.
REED, J., and WARREN, LAMAR, Associate Judge, concur.