PEARSON, Judge.
The appellant, Orange Julius Realty Corporation has filed two appeals from a single final judgment which terminated two suits. The double-barreled nature of the final judgment can best be explained by an outline of the procedure which produced it. Orange Julius, as lessee, filed a complaint against the appellees as its lessors claiming return of a deposit upon a written lease which was never consummated by occupancy. The appellees answered and also filed a counterclaim for rent. Appellant answered the counterclaim and the cause came on for trial. At the conclusion of appellant’s case as plaintiff, the appellees moved for a directed verdict upon the cause of action stated in the complaint (for return of rent deposit). The appellant took a voluntary dismissal. The court set the trial of the counterclaim for a subsequent date. Appellant refiled its complaint for return of rent deposit in identical language with the dismissed complaint, then moved to consolidate the causes. The trial judge denied the move to consolidate the causes for trial and proceeded with the scheduled trial of the counterclaim. The appellees (lessor) recovered a judgment for rent on their counterclaim. In the same judgment the trial judge held that the issues tried upon the counterclaim were the same as those proposed to be tried upon the refiled complaint for return of rent deposit and that these issues had been determined adversely to the appellant (lessee), therefore appellant was bound by the determination of those issues. Judgment for the ap-pellees was entered upon the refiled complaint. We are here presented with an appeal from (1) the judgment on the counterclaim, and, (2) the judgment on the refiled complaint.
We consider first appellant’s appeal from the judgment upon its refiled complaint. It urges that (1) the court erred in denying appellant’s motion to consolidate, and, (2) the court erred in holding that the trial of the issues upon the counterclaim precluded recovery on the refiled complaint.
The motion to which appellant refers was actually a motion to remove the scheduled trial of the counterclaim from the trial calendar.[1] No error is made to appear. The counterclaim was ready for trial; the complaint was not because appellant asks that the trial of the counterclaim be stayed. An appellate court will not interfere with the procedural rulings of a trial judge unless a party is deprived of a substantial right by the procedure employed. Carolina Lumber Company v. Daniel, Fla.App.1970, 97 So.2d 156. No such deprivation has been shown here.
The issue as to whether the lessor (appellee) or the lessee (appellant) was responsible for the failure of the appellant to rebuild the premises so that the store could be used for appellant’s purposes was common to both appellees’ counterclaim and appellant’s complaint. The trial court specifically found after the trial of the counterclaim before court without jury that the responsibility was that of the appellant. No other material issue was framed for trial upon the refiled complaint, therefore, the court did not err in holding that appellant was bound by the determination *683 of the issue and could not again litigate it in a trial upon the refiled complaint. Field v. Field, Fla.1956, 91 So.2d 640.
Appellants’ appeal from the judgment on the counterclaim presents several points each of which is directed to the sufficiency of the evidence in one particular or the other. We hold that we are not able to consider these points because we do not have all the testimony and other evidence which was before the trial judge at the time that he made his decision. Davis v. Zona, Fla.App.1967, 198 So.2d 43; Wilder v. Altman, Fla.App.1965, 179 So.2d 250, 251; 2 Fla.Jur.Appeals § 159 (1963). For the purpose of determining the sufficiency of the evidence upon the trial of a counterclaim the trial court may consider evidence received upon the issues presented at the trial of the complaint. This is true even though the plaintiff takes a voluntary dismissal of the complaint at the close of its case in chief. See Traders & General Ins. Co. v. Keith, Tex.Civ.App.1937, 107 S.W.2d 710; Howe v. Central State Bank, Tex.Civ.App.1927, 297 S.W. 692; Davis v. Wichita State Bank, Tex.Civ.App.1926, 286 S.W. 584.
No error having been made to appear, the judgments and each of them are affirmed.
Affirmed.

. “Plaintiff-counterdefendant, Orange Julius Realty Corporation, moves for the entry of an order consolidating the captioned causes, and in support thereof would show unto the Court that the matters involved in the two actions are on the same transaction or occurrence and that justice would be served by trying these matters together. “Plaintiff-count-erdefendant, Orange Julius Realty Corporation, further moves for the entry of an order removing Case No. 69-5733 from the trial calendar for April 16, 1970 and in support thereof would show unto the Court that the above two captioned matters should be consolidated and tried together, are not completely at issue, and the plaintiff-counterdefendant has demanded trial by jury.”