OWEN, Judge.
This is a sequel to Seaboard Coast Line Railroad Company v. Big Chief Construction Company, Inc., Fla.App.1968, 211 So.2d 21. Upon remand to the trial court, further proceedings were had, including a second trial, which resulted in a jury verdict in favor of the defendant, Big Chief Construction Company, Inc. This appeal is from the judgment entered pursuant to that verdict.
The sole question before us is whether, the issue of the railroad’s negligence, having been determined favorably to it in the first trial, was erroneously submitted to the jury as an issue in the second trial. We answer that question in the affirmative, and reverse.
This suit arose out of a grade crossing collision between Seaboard’s train and ap-pellee’s tractor-trailer unit. Seaboard filed suit claiming that its tracks and equipment were damaged as a result of Big Chief’s negligence. The defendant denied its negligence, pled affirmatively the railroad’s contributory negligence, and counterclaimed for damages allegedly due to the railroad’s negligence. In reply to the counterclaim, the railroad merely denied its negligence.
In this state of the pleadings the case went to trial the first time. At the conclusion of the plaintiff’s case, the trial court granted the defendant’s motion for a directed verdict on the complaint, ruling that there was no showing of negligence on the part of the defendant. The trial proceeded on defendant’s counterclaim. The sole issue submitted to the jury was whether the railroad was guilty of negligence which was the proximate cause of the defendant’s damages, the amount of which had been stipulated. The jury returned a verdict in favor of the railroad on the counterclaim against it. Thereafter, two final judgments were entered in the cause. The first was in favor of Big Chief on the railroad’s claim against it. The second was in favor of the railroad on Big Chief’s counterclaim. The railroad’s appeal from the former resulted in the first appearance of this case before us. 211 So.2d 21.
The adverse judgment which Big Chief suffered on its counterclaim was not appealed. When that judgment became absolute it put to rest the only issue involved in Big Chief’s cause of action against the railroad, i. e., the issue of whether the railroad was guilty of any negligence which proximately caused Big Chief’s damages. It was res judicata as to Big Chief’s cause of action against the railroad. Gordon v. Gordon, Fla.1952, 59 So.2d 40. Thus, when this case went back for a trial on the railroad’s cause of action against Big Chief, *382 pursuant to the mandate of 211 So.2d 21, the prior judgment against Big Chief on its counterclaim was effective as an estop-pel by judgment to foreclose further litigation on the issue of whether the railroad was guilty of any negligence which was a legal cause of the collision. Shearn v. Orlando Funeral Home, Fla.1956, 88 So.2d 591. Chandler v. Chandler, Fla.App.1969, 226 So.2d 697; Wacaster v. Wacaster, Fla.App.1969, 220 So.2d 914.
Before the second trial the railroad filed its motion for an order striking from Big Chief’s answer the affirmative defense of the railroad’s contributory negligence, in support of which motion the railroad submitted the principles we have enunciated above. This motion was denied. During the trial itself the motion was renewed and again denied. At defendant’s request, over the railroad’s objection, the court gave to the jury the standard instruction in reference to the plaintiff’s negligence as a defense. As stated above, the jury returned a verdict for the defendant, Big Chief. Error has been assigned to the orders denying the plaintiff’s two motions to strike the defense of contributory negligence and to the jury instruction on this issue.
On the principles we have announced above, these rulings were error. Appellee suggests that if these rulings were in error, it was harmless error because the jury could have based its verdict for defendant on the failure of the plaintiff to carry its burden of proving defendant’s negligence by the greater weight of the evidence. We must reject this contention. The railroad is entitled to a trial on the issue of whether Big Chief was guilty of negligence which was a legal cause of damage sustained by the plaintiff, and if so, the amount thereof.
The judgment is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS, J., and DRIVER, B. J., Associate Judge, concur.