279 So.2d 323 (1973)
GOLDEN VIEW CONDOMINIUM, INC., a Florida Corporation, Appellant,
v.
CITY OF HALLANDALE, a Municipal Corporation, Samuel T. Brown, Bess Brown, His Wife, et al., Appellees.
No. 72-389.
District Court of Appeal of Florida, Fourth District.
June 8, 1973.
Rehearing Denied July 11, 1973.
Henry M. Schmerer and Terence J. Russell of Ruden, Barnett, McClosky, Schuster & Schmerer, Fort Lauderdale, for appellant.
Martin Cohen and Gaylord A. Wood, Jr., Fort Lauderdale, for appellee-Golden Bay Manor, Inc.
Charles A. Finkel, Hallandale, for appellee-City of Hallandale.
Melvin I. Muroff, Miami, for appellees-Browns, Carlies and Duckors.
PER CURIAM.
We have reviewed the record on appeal, the briefs and oral argument and are of the opinion that under the doctrines of res judicata and estoppel by judgment the Final Judgment of the trial court should be reversed.
The criteria for the application of and the distinction between those doctrines is more fully discussed in Seaboard Coast L.R. Co. v. Industrial Contracting Co., Fla. App. 1972, 260 So.2d 860. See also North Shore Realty Corporation v. Gallaher, Fla. App. 1957, 99 So.2d 255. The record reflects that the City of Hallandale, plaintiff below, was a party to prior litigation *324 instituted by one Samuel T. Brown, one of the defendants below, at which time not only was the document relied upon by the City before the court in that litigation but, additionally, the issue or issues involved in such prior litigation were resolved therein.[1]
Whether we proceed on the basis of res judicata under which theory a prior final decree acts as a bar to a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised,[2] or whether we proceed on the principle of estoppel by judgment under which theory parties are estopped from litigating in the second suit points and questions common to both causes of action and which were actually adjudicated in the prior litigation,[3] the result is still the same  judgment should be entered for Golden View in accordance with the prior adjudication. The right to use the parcel in question was previously determined to be "for the purpose of ingress and egress of trucks only" and that determination was dispositive of the rights of all parties under the various and sundry instruments before the court in that litigation.[4] For the reasons stated the decree appealed from is reversed.
WALDEN, CROSS, and MAGER, JJ., concur.
NOTES
[1] In the prior suit for declaratory decree tried before Judge Jose Gonzalez, Case No. 69-2474, from which final judgment no appeal was taken, Brown sought a determination of the "respective rights of the parties" ... "stemming from an interpretation of said instruments". The instruments consisted of (1) an easement dated March 1, 1961, wherein Brown and others granted Golden Bay Manor, Inc. a roadway easement for "the ingress and egress of trucks"; (2) an access road easement dated May 30, 1964, conveying the affected parcel to the City of Hallandale "as a public street or alley"; (3) a deed dated May 30, 1964, conveying a certain portion of the parcel in question to the City of Hallandale for certain purposes; (4) an easement for roadway purposes dated May 9, 1967, wherein the City of Hallandale joined with Golden View Development Corporation in re-defining the "trucks only" easement previously granted to Golden Bay Manor. One of the contentions made by Golden View, defendant below and appellant herein, was that the access road easement before the court in the prior suit (and relied upon by the City in the case sub judice) did not constitute a "public dedication to the City of Hallandale". The trial court entered a final judgment in the prior litigation which is hereinafter set out:

"THIS CAUSE having come on before me for Final Hearing, and the Court having heard testimony of the parties, and being advised in the premises, it is, upon consideration thereof,
"ORDERED, ADJUDGED AND DECREED as follows:
"1. The controlling instrument in this cause is that certain easement for roadway purposes dated May 25, 1967, recorded in Official Records Book 3502 at Page 175, of the Public Records of Broward County, Florida.
"2. The grantee therein, GOLDEN BAY MANOR, INC., a Florida corporation, received by said instrument, a non-exclusive easement for road-way purposes by trucks only across the land described therein as the servient estate.
"3. GOLDEN BAY MANOR, INC., its tenants, servants and agents have the right to use the said servient estate for the purpose of ingress and egress of trucks only... ."
[2] The so-called "rights of the public" under the access road easement was an issue that was or could have been raised.
[3] As observed in fn. 1, supra, the question of the rights of the City was before the trial court and by the very nature of the final judgment were actually adjudicated adversely to the City and in favor of Golden View.
[4] The fact that the City joined with Golden View in granting Golden Bay Manor a "trucks only" easement in 1967 is clearly inconsistent with the position advanced by the City in the trial below and before this court.