PER CURIAM.
Plaintiff appeals from an adverse summary judgment holding this legal malpractice action barred by the statute of limitations and doctrine of collateral estoppel.
Appellant Milton Monyek and appellee Norman Klein, Esq. together with his law firm of Linet, Schwartz & Klein engaged in two joint real estate acquisitions. Mon-yek, upon being called upon for the full downpayment on the purchase of the properties and not 50% as originally thought, believed that Klein had deceived him. Monyek then filed suit for a declaration of an equitable trust and other relief on the grounds that Klein and his law firm breached the fiduciary duty owing to him in that they had not advised him that they were not putting up 50% of the downpay-ments, and that they used his money to acquire their 50% co-venture interest. Defendants answered that the furnishing of the monies for the full downpayments was *26 Monyek’s contribution; whereas, the furnishing of the necessary legal services and the negotiations of the deals was defendants’ contribution, and counterclaimed for rescission of the agreements “since plaintiff claims to be under a mutual mistake of fact of the essential terms of the agreement.” At the conclusion of trial, the judge, finding that Klein and the law firm had made full disclosure of the terms and conditions of the real estate acquisitions and that they had not breached a fiduciary duty to Monyek, entered judgment against him, granted defendants’ counterclaim for rescission and ordered Monyek reimbursed for all monies invested plus interest in exchange for his deeding all his interest in the ventures to Klein and his law firm. This judgment was not appealed.
Approximately a year and a half later Monyek filed the instant cause of action seeking compensatory and punitive damages for defendants’ alleged negligence in failing (1) to draft an agreement clearly setting out the terms of the real estate ventures, (2) to see that plaintiff understood the terms of the ventures, (3) to advise plaintiff to seek his own legal counsel. Following pretrial discovery, defendants filed a motion for summary judgment which was granted on the ground that plaintiff’s action was barred by the applicable statute of limitations (§ 95.11(5) (e), Fla.Stat.) and by the doctrine of collateral estoppel. Plaintiff appeals from this summary judgment. We affirm.
Under the principle of estoppel by judgment, parties are estopped from litigating in a second suit points and questions which were common to both the first and second causes of action and which actually were adjudicated in the prior litigation. Golden View Condominium, Inc. v. City of Hallandale, Fla.App.1973, 279 So.2d 323.
Plaintiff in the first cause of action having pled as an affirmative defense to the defendants’ counterclaim for rescission the negligence or failure of the defendants to discharge their duty to fully inform the plaintiff of the transaction undertaken and this issue having been determined adversely to plaintiff, the trial judge in the instant case was correct in concluding that plaintiff now is estopped to contest the finding in the prior litigation that the defendants dealt openly, fairly, and in good faith with him. Cf. Orange Julius Realty Corp. v. Sunshine Toy Center, Inc., Fla.App.1971, 251 So.2d 681; Seaboard Coast Line Railroad Company v. Big Chief Construction Company, Fla.App.1972, 265 So.2d 380; Butler v. Richard Bertram & Company, Fla.App. 1973, 281 So.2d 227.
Affirmed.