55409. GIBSON v. CONNECTICUT GENERAL LIFE INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

SHULMAN, Judge.

Appellant was injured on the job while an employer-purchased group disability insurance policy issued by appellee-Connecticut General Life Insurance Company of Hartford, Connecticut (hereinafter "Connecticut General") was in effect. Connecticut General made disability benefit payments to the appellant for a time, but, after learning that appellant's Veterans' Administration disability compensation benefits had

been increased following appellant's injury, reduced those payments. Appellant brought suit to recover the amount by which the insurance policy benefits were decreased. We granted appellant's petition for interlocutory review to consider the trial court's interpretation of the group disability insurance policy issued by Connecticut General to appellant's employer.

The sole issue for our consideration is whether Connecticut General is entitled, pursuant to the insurance policy, to offset any portion of Veterans' Administration disability compensation benefits against policy disability benefits.

The contested policy clause provides as follows: "The amount of Monthly Income otherwise payable for any monthly period will be reduced by the amount of all Other Income Benefits (as defined) payable for the same monthly period so that the sum of Monthly Income payable and all Other Income Benefits does not exceed 66 2/3% of the Associate's Basic Monthly Earnings."

Other income benefits as defined in the policy include any periodic cash payments provided by "any plan, fund, or other arrangement providing benefits for loss of time from employment because of disability pursuant to any compulsory benefit act or law of any government."

Connecticut General asserts that it is entitled to offset from policy disability insurance benefits that portion of the Veterans' Administration benefits which Connecticut General maintains is attributable to loss of time from employment and, therefore, according to Connecticut General, constitutes other income benefits. Connecticut General argues that since the appellant's combined anatomical disability rating remained unchanged after the injury, the increased Veterans' Administration benefits paid after the injury for recuperation following surgery were paid only because of appellant's inability to work, i.e., loss of time from employment. We reject this line of reasoning and hold that Connecticut General is not authorized by the above contract provisions to offset Veterans' Administration benefits.

1. The scheme of the Veterans' Benefits Act (38 USCA § 301 et seq.) militates against the conclusion that

such benefits are for loss of time from employment.

The record does not indicate the Code section authorizing disability compensation. Appellant herein is receiving Veterans' Administration disability compensation under either 38 USCA § 310 or § 331. The sections are substantially similar and provide in pertinent part as follows: "Basic entitlement. . . For disability resulting from personal injury suffered or disease contracted in line of duty, in the active military, naval, or air service . . . the United States will pay to any veteran thus disabled and who was discharged or released under conditions other than dishonorable from the period of service in which said injury or disease was incurred, or preexisting injury or disease was aggravated, compensation as provided in this subchapter. . ."

Compensation is defined in 38 USCA § 101 (13) as "a monthly payment made by the Administrator to a veteran because of service-connected disability," i.e., a disability "incurred or aggravated. . . in line of duty in the active military, naval, or air service." See 38 USCA § 101 (16).

The loss of earning power is not a prerequisite to the right to Veterans' Administration benefits. Benefits accrue by reason of past active service in the armed forces and are not dependent on present employment. Scheduled benefits are based on average impairment of future earning capacity. See 38 USCA §§ 314, 334.

The evidence submitted on motion for summary judgment shows the Veterans' Administration concluded that some of the injuries sustained at work were attributable to appellant's service-connected disability. The Veterans' Administration disability compensation benefits were increased due to the disabling effects of surgery necessitated by the service-connected disability. The increased payment constituted special compensation factors bearing on appellant's individual claim. The fact that a portion of the Veterans' Administration benefits would cease upon appellant's reemployment reflected the degree of appellant's disability. The increase in benefits was not intended to be a substitute for lost wages.

Veterans' Administration disability compensation does not constitute a benefit for loss of time from employment and therefore is not subject to being offset

under this policy. See Russell v. Bankers Life Co., 46 Cal. App. 3d 405 (120 Cal. Rptr. 627) (portion of workmen's compensation benefits which were for permanent bodily impairment and designed to indemnify for insured's impairment of future earning capacity or diminished ability to compete in the open labor market did not constitute a "benefit for loss of time" and was not subject to being offset under insurance policy). See also Pendleton v. Aetna Life Ins. Co., 320 FSupp. 425 (E.D. La. 1970) (insurance company's attempt to offset permanent disability benefits received from employer's retirement fund as benefits "for loss of time from employment because of disability" rejected).

The trial court erred in denying appellant's motion for summary judgment as to this issue.

2. Because of our holding in Division 1, we need not decide whether Veterans' Administration disability benefits constitute payments "pursuant to any compulsory benefit act or law of any government."

*Judgment reversed and remanded with direction that summary judgment on the issue of offsetting Veterans' Administration benefits be entered in favor of appellant Gibson. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 28, 1978 — DECIDED APRIL 28, 1978.

*Richard R. Kirby,* for appellant.
*Carter, Ansley, Smith & McLendon, Tommy Holland,* for appellee.