BASKIN, Judge.
Whether federal worker’s compensation benefits compensate for loss of time or for disability is the underlying issue in this appeal. Time Insurance Company contends the terms are interchangeable, arguing that worker’s compensation benefits paid to ap-pellee English constituted payments for loss of time and were therefore includable in the Relation of Earnings to Insurance Clause of the disability insurance policy contract between Time and English. Under Time’s interpretation, English’s policy would yield a smaller payment. Time also contends it was entitled to include its payment in calculating the amount due under the policy. We find no error in the trial court’s rulings to the contrary, and we affirm the award to English of the amount Time failed to pay.
English’s claim was predicated upon his medical disqualification from his position as a Federal Aviation Administration Air Traffic Controller. The insurance policy permitted Time to reduce its payment to English in an amount proportionate to other loss of time insurance payments received under coverage for the same loss calculated against the amount of English’s former monthly salary. Following Time’s reduction in the amount of the payment to English, English filed suit to recover $547 instead of the $300.85 he was receiving, and to exclude the Time policy payment from the computations.
The Relation of Earnings to Insurance Clause tracks the language of Section 627.-624, Florida Statutes (1973):
If the total monthly amount of loss of time benefits promised for the same loss under all valid loss of time coverage upon the Insured, whether payable on a weekly or monthly basis, shall exceed the monthly earnings of the Insured at the time disability commenced or his average monthly earnings for the period of two years immediately preceding a disability for which claim is made, whichever is the greater, the Company will be liable only for such proportionate amount of such benefits under this policy as the amount of such monthly earnings or such average monthly earnings of the Insured bears to the total amount of monthly benefits for the same loss under all such coverage upon the Insured at the time such disability commences and for the return of such part of the premiums paid during such two years as shall exceed the pro rata amount of the premiums for the benefits actually paid hereunder; but this shall not operate to reduce the total monthly amount of benefits payable under all such coverage upon the Insured below the sum of two hundred dollars or the sum of monthly benefits specified in such coverages, whichever is the lesser, nor shall it operate to reduce benefits other than those payable for loss of time. ‘ Valid loss of time coverage’ as used herein shall include all loss of time coverage provided by governmental agencies or by organizations subject to regulation by the insurance law or the insurance authorities of any of the 50 states of the United States of America, the District of Columbia, or any of the provinces of Canada. (Emphasis added).
Federal worker’s compensation benefits derive from the Federal Employees Compensation Act, 5 U.S.C. § 8101 (1966). The purpose of the worker’s compensation *770 act is to provide payments for disability or death. 5 U.S.C. § 8102 (1966). Just as Veterans Administration disability compensation does not constitute a benefit for loss of time from' employment and cannot be offset by an insurer to reduce its benefits, Gibson v. Connecticut General Life Insurance Co., 145 Ga.App. 799, 245 S.E.2d 49 (1978), so worker’s compensation benefits do not constitute a benefit for loss of time. Cf. Russell v. Bankers Life Co., 46 Cal.App.3d 405, 120 Cal.Rptr. 627 (1975).
Insurance policy provisions, especially exclusionary clauses, are to be construed most favorably for the insured and against the insurer. Tropical Park, Inc. v. United States Fidelity & Guaranty Co., 357 So.2d 253 (Fla. 3d DCA 1978).
We agree with the trial court that disability and loss of time are separate bases for coverage under the worker’s compensation act. Worker’s compensation payments are excluded disability benefits, not loss of time benefits includable in calculating earnings under the insurance clause.
The question concerning whether Time’s own insurance policy should have been included in the Relation of Earnings to Insurance Clause should have been litigated in the previous court suit between the parties (Case no. 77-17090, Circuit Court, Dade County) concerning the same insurance clause. The issue is res judicata. Hinchee v. Fisher, 93 So.2d 351 (Fla.1957); Golden View Condominium, Inc. v. City of Hallandale, 279 So.2d 323 (Fla. 4th DCA 1973).
For these reasons, we affirm the decision of the trial court.