399 So.2d 88 (1981)
WEIGH LESS FOR LIFE, INC., a Georgia Corporation, and Thomas Owen, Appellants,
v.
BARNETT BANK OF ORANGE PARK, Appellee.
No. VV-161.
District Court of Appeal of Florida, First District.
May 28, 1981.
*89 Hugh M. Davenport, of Smith, Davenport, Bloom & Harden, Tallahassee, for appellants.
Edward G. Whitaker, Jr. and Calvin E. Hayden, Jacksonville, for appellee.
LARRY G. SMITH, Judge.
The trial judge granted a final summary judgment adverse to appellants based in part upon a determination that an order dissolving a prejudgment writ of replevin obtained by Weigh Less for Life Inc. (Weigh Less) against appellee Barnett, in a separate (case no. 78-777) law suit involving a Lincoln automobile, was a conclusive determination that Weigh Less had no ownership rights in the automobile. Appellants assert on this appeal that an order granting a motion to dissolve a prejudgment writ of replevin under Section 78.068, Florida Statutes (1979) is not a final determination of ownership, but merely determines which party is entitled to possession of the disputed property pending final adjudication of the replevin action. We agree and reverse.
Section 78.068 provides for issuance of a prejudgment writ of replevin "forthwith" upon certain conditions, spelled out in the statute, which must be met by the "petitioner" (plaintiff). Under subparagraph (6), the defendant, by "contradictory motion" filed within ten days after service of the writ, may obtain dissolution of a prejudgment writ, of replevin "unless the petitioner proves the grounds upon which the writ was issued." This subsection further provides that the court shall set down such motion for "an immediate hearing." In case no. 78-777 such a motion was filed, and an order dissolving the prejudgment writ of replevin was issued by the trial judge. An interlocutory appeal from that order by Weigh Less resulted in a per curiam affirmance, without opinion, by this court. Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 374 So.2d 103 (Fla. 1st DCA 1979). In the meantime, Weigh Less and appellee Thomas Owen filed the present action for trespass and other damages, and the replevin action was subsequently voluntarily dismissed by Weigh Less, without prejudice, pursuant to Rule 1.420(a), Florida Rules of Civil Procedure.
The language of Section 78.068 was added in 1976 apparently to provide an additional creditor's remedy to the general revision of the law of replevin enacted in 1973 (Chapter 73-20, Laws of Florida, 1973). Unfortunately, little consideration seems to have been given by the drafters to the problem of integrating the new provisions with the otherwise readily understandable existing replevin statutes. Subsection (6) allows the plaintiff to defeat a motion to dissolve a prejudgment writ of replevin if he "proves the grounds upon which the writ was issued ...," at "an immediate hearing," which must be set by the court. Taken literally, "proves the grounds" implies that the plaintiff must prove his case, once and for all. Based upon that interpretation, plaintiff would either win or lose based upon the outcome of this motion hearing. We are required, however, to read almost two additional pages of the statutes in order to discover whether, or in what manner, these provisions mesh together. In so doing we note the provisions of Sections 78.065 and 78.067 which clearly spell out provisions for determining which party is "entitled to the possession of the claimed property pending final adjudication of the claims of the parties." Section 78.065(2)(e), and 78.067(2). No similar language appears in Section 78.068.[1] On the other hand, the sections of the statute which follow make it clear that further proceedings are contemplated. This is evident from the provisions of Section 78.20, which provides that when property has been redelivered to the defendant "upon the dissolution of a prejudgment *90 writ"[2] (or upon his forthcoming bond) and "defendant prevails," the defendant is entitled to judgment against the plaintiff for damages for the taking, attorney's fees, and costs. Section 78.21 makes similar provision for judgment in favor of the defendant under circumstances where the goods have not been retained by or redelivered to him, if "he prevails... ." Finally, Section 78.18 provides for recovery by the plaintiff of his damages caused by the taking and detention, together with costs, in instances where the plaintiff has recovered the property under the writ.
These statutory provisions, read in pari materia, persuade us that the dissolution of a prejudgment writ of replevin, on motion, under Section 78.068(6), has no effect other than to determine the right to possession of the property pending final adjudication of the claims of the parties. This is obvious from a reading of the statutory provisions referred to above, as well as from the fact that Section 78.068 does not set forth a remedy complete in and of itself, since other provisions must be referred to in order to discover essential procedural and substantive aspects of a replevin action.
We therefore cannot agree with the finding contained in the trial court's order for summary judgment that "Plaintiff's claim of ownership right in the Lincoln automobile in this law suit has been conclusively determined by the replevin action of Case No. 78-777-CA... ." The order dissolving the prejudgment writ of replevin recites that the plaintiff (Weigh Less) "has failed to prove the grounds on which the writ was issued." This ruling, under our view of the statute, determines the right of possession during pendency of the litigation, nothing more. The motion procedure provided by the statute cannot be considered as depriving the plaintiff of the right to a trial under the rules of procedure applicable to other law actions generally, which includes the right to a jury trial. Wooton v. Carrollton Acceptance Co., 103 Fla. 237, 137 So. 390 (1931); Southside Atlantic Bank v. Lewis, 174 So.2d 470 (Fla. 1st DCA 1965). See Rule 1.010, Florida Rules of Civil Procedure.
Since there was no final adjudication of the rights of the parties with respect to the disputed automobile in the prior replevin action, the doctrine of collateral estoppel or estoppel by judgment does not apply. The essential elements of this doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction. Mobil Oil Corporation v. Shevin, 354 So.2d 372 (Fla. 1977). Under the principle of estoppel by judgment, parties are estopped from litigating in a second suit points and questions which were common to both the first and second causes of action and which actually were adjudicated in the prior litigation. Monyek v. Klein, 329 So.2d 25 (Fla. 3rd DCA 1976). The order granting the motion to dissolve the prejudgment writ did not finally dispose of the case, and therefore cannot provide the foundation for a claim of estoppel by judgment. Furthermore, a final judgment is necessary to invoke the doctrine of res judicata. Donnell v. Industrial Fire and Casualty Co., 378 So.2d 1344 (Fla. 3rd DCA 1980). Cf. Avant v. Hammond Jones, Inc., 79 So.2d 423 (Fla. 1955).
Appellee's position with respect to the present litigation (claims for taking and loss of use of the automobile and other personal property, trespass and damage to property, and slander), and the trial court's summary judgment entered upon appellee's motion, proceed upon the assumption that the replevin action was "concluded" by the order dissolving the prejudgment writ of replevin. Since this assumption is erroneous, we must reverse.
In view of our reversal and remand, we call attention to the necessity for resolution of factual issues at a trial, either before the *91 judge or a jury unless a jury trial is waived by the parties.[3]
REVERSED AND REMANDED.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] We note, however, that the defendant is not required to present any proof at the motion hearing under Section 78.068. This indicates that the ruling at the motion hearing adjudicates the right to possession, rather than title or ownership.
[2] This language was added in the same enactment in which Section 78.068 was passed, Chapter 76-19, Laws of Florida, 1976.
[3] Numerous factual arguments are made by both parties in their presentation to this court and we are asked to rule on various matters of law applicable to those facts. This is not the appropriate forum for determination or resolution of factual matters and disputes.