COLBATH, WALTER N., Jr., Associate Judge.
These consolidated appeals arise from the trial court’s entry of a “Partial Summary Judgment” in favor of appellee, and a final judgment awarding fees and costs to appel-lee. The trial court granted appellee’s motion for partial summary judgment on the basis of collateral estoppel emanating from another case, Maglieri v. Marriott, No. 94-7958(08).
On January 22, 1994, the Maglieris were guests at appellee’s hotel when assaulted at gun point in their room; they were handcuffed, gagged, bound, blindfolded and robbed of valuable property. The Maglieris sued Marriott and, pursuant to sections 509.101 and 509.111, Florida Statutes (1993), the trial court limited Marriott’s liability for property losses to five hundred dollars.
Appellant, Hanover Insurance Company (Hanover), the Maglieri’s insurer, paid over forty-two thousand dollars to the Maglieris to compensate them for their property losses. Thereafter, Hanover filed suit against Marriott to recover the monies paid the Maglieris. The trial court, applying the doctrine of collateral estoppel, granted Marriott’s motion for partial summary judgment based upon the “Agreed Order Granting Partial Summary Judgment” in the Magüen case. Clearly, the “Agreed Order Granting Partial Summary Judgment” in Magüen v. Maniott was neither a final order nor was the issue therein ever actually litigated. In order for collateral estoppel to apply, there must have been a final order which was actually litigated. Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla.1977); Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88 (Fla. 1st DCA 1981).
For the reasons set forth above, we reverse and remand the partial summary judgment in favor of appellee and final judgment awarding appellee attorney’s fees and costs to the trial court for further proceedings.
DELL and SHAHOOD, JJ., concur.