939 So.2d 1108 (2006)
TURNER CONSTRUCTION COMPANY and Travelers Casualty and Surety Company, Appellants,
v.
E & F CONTRACTORS, INC., Appellee.
No. 3D06-340.
District Court of Appeal of Florida, Third District.
September 20, 2006.
Rehearing Denied October 18, 2006.
Peckar & Abramson and Jerry P. Brodsky and Adam P. Handfinger and Sahr O. Dumbar, Miami, for appellants.
McConnell Lipton and H. Hugh McConnell, Coral Gables, and Walter Stevens, for appellee.
Before GERSTEN, GREEN, and SUAREZ, JJ.
SUAREZ, J.
Turner Construction Company and its surety, Travelers Casualty and Surety Company, (collectively, "Turner") appeal *1109 the order granting E & F Contractors, Inc.'s ("E & F") motion to abate affirmative defenses and entry of final summary judgment for E & F. We affirm.
Turner contends that the trial court erred by striking, without prejudice, its affirmative defense of set-off in E & F's suit on a construction subcontract. E & F asserts that the orders should be affirmed because Turner's set-off claim is the subject of other pending litigation between the parties.
E & F entered into four separate subcontracts to perform work for Turner on four different construction projects. E & F filed four separate suits against Turner for payment pursuant to each of the subcontracts. In the instant case, E & F seeks $53,770.20 for work that it performed pursuant to the Alexan subcontract. Turner agrees that the amount is unpaid. However, it asserts set-off as an affirmative defense, claiming that E & F owes Turner more than $53,770.20 for its deficient and defective work on the other projects that the parties are presently litigating. E & F moved to abate the set-off claim and for summary judgment, arguing that set-off is unavailable because the set-off claims and the instant claim each arise out of different subcontracts and different construction projects. The trial court granted E & F's motion. Instead of abating the action, the trial court struck the affirmative defense of set-off and entered final summary judgment in E & F's favor.
We affirm because the trial court did not abuse its discretion by striking Turner's affirmative defense of set-off. The affirmative defense of set-off in the instant case is in the nature of a permissive counterclaim, and is the subject of other pending suits between the parties. See Campbell v. Gordon, 674 So.2d 783 (Fla. 1st DCA 1996)(a permissive counterclaim is one that does not arise out of the transaction or occurrence that is the subject matter of the present claim). It is within a trial judge's discretion to sever a permissive counterclaim from the main claim if there is no evidence of prejudice. See Whigum v. Heilig-Meyers Furniture, Inc., 682 So.2d 643 (Fla. 1st DCA 1996). Here, the trial court's order does not prejudice Turner because Turner still has the opportunity to fully litigate its set-off claims in the pending lawsuits arising out of its other subcontracts with E & F. Jones v. Equitable Life Assur. Soc., 126 Fla. 527, 171 So. 317 (1936) (holding that the appellants' alleged error in litigating a foreclosure suit without litigating the counterclaim at the same time was harmless error because it could be brought separately). Furthermore, the trial court's order striking the set-off claim promotes the interests of judicial economy, and avoids the potential of inconsistent judgments. No abuse of discretion is evident. See Orange Julius Realty Corp. v. Sunshine Toy Ctr., 251 So.2d 681, 682 (Fla. 3d DCA 1971)("[a]n appellate court will not interfere with the procedural rulings of a trial judge unless a party is deprived of a substantial right by the procedure employed").
Affirmed.