DAVIS, Judge.
Daniel Strader challenges the trial court order dismissing his counterclaim against Carpenters Crest Owners Association, Inc. (“the Association”). We reverse and remand.
The Association had sought foreclosure and money damages against Virginia Hillerich for her failure to pay association fees due on her property. Strader, who was included as a defendant because he was believed to hold an interest in the property, filed a counterclaim, asserting that the Association owed him $128,212.36 in attorney’s fees arising out of the Association’s duty to indemnify him for actions he took in another proceeding in his role as an officer or director of the Association. The trial court dismissed Strader’s counterclaim with prejudice. This was error.
“Generally, a trial court must allow a litigant the opportunity to amend a complaint before dismissing its suit with prejudice unless it is clear that the pleading cannot be amended so as to state a cause of action.” Albrecht v. Bd. of Trs. of Internal Improvement Trust Fund, 481 So.2d 555, 556 (Fla. 2d DCA 1986). Because it is not clear here that Strader could not amend his pleading so as to state a cause of action, the trial court erred in dismissing his counterclaim with prejudice.[1]
Accordingly, we reverse the trial court’s order dismissing the counterclaim and re *623 mand with the direction that Strader be permitted to file an amended complaint.
Reversed and remanded.
LaROSE, J„ and ST. ARNOLD, JACK R., Associate Judge, Concur.

. Although it is within the trial court’s discretion to sever a permissive counterclaim if there is no evidence of prejudice, Turner Constr. Co. v. E & F Contractors, Inc., 939 So.2d 1108, 1109 (Fla. 3d DCA 2006), the trial court here dismissed the counterclaim with prejudice, thus potentially foreclosing any further consideration of the claim in any proceeding.