NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ACQUISITION TRUST COMPANY, LLC,    )
                                   )
          Appellant,               )
                                   )
v.                                 )          Case No. 2D16-3325
                                   )
LAUREL PINEBROOK, LLC, and         )
REAL SUB, LLC, and PUBLIX SUPER    )
MARKETS, INC.,                     )
                                   )
          Appellees.               )
_____    )

Opinion filed July 7, 2017.

Appeal from the Circuit Court for Sarasota
County; Rochelle Curley, Judge.

Alex P. Rosenthal and Amanda Jassem
Jones of Rosenthal Law Group, Weston,
for Appellant.

Hunter G. Norton and Steven J. Chase of
Shumaker, Loop & Kendrick, LLP,
Sarasota, for Appellee Laurel Pinebrook,
LLC.

Kristin Hatcher-Bolin and Mark N. Miller of
GrayRobinson, P.A., Lakeland, for
Appellees Real Sub, LLC and Publix Super
Markets, Inc.

LUCAS, Judge.

This case concerns a dispute over a purchase and sale agreement of commercial property, which was subject to a prior, recorded right of first refusal. Challenging the manner in which that right of first refusal was exercised, the frustrated prospective purchaser of the property, Acquisition Trust Company, LLC ("Acquisition Trust"), filed a complaint in the circuit court of Sarasota County alleging rescission, specific performance, and breach of contract. The circuit court dismissed Acquisition Trust's complaint with prejudice.[1] Appellees concede that the circuit court's dismissals with prejudice was improper since Acquisition Trust had never been afforded an opportunity to amend its complaint. We agree. See Strader v. Carpenters Crest Owners Ass'n, Inc., 968 So. 2d 621, 622 (Fla. 2d DCA 2007) ("Generally, a trial court must allow a litigant the opportunity to amend a complaint before dismissing its suit with prejudice unless it is clear that the pleading cannot be amended so as to state a cause of action." (quoting Albrecht v. Bd. of Trs. of Internal Improvement Tr. Fund, 481 So. 2d 555, 556 (Fla. 2d DCA 1986)); Kapley v. Borchers, 714 So. 2d 1217, 1218 (Fla. 2d DCA 1998) ("A dismissal with prejudice should not be ordered without giving the party offering the pleading an opportunity to amend unless it appears that the privilege to amend has been abused or it is clear that the pleading cannot be amended to state a

[1]Appellees argued in their motions to dismiss that Acquisition Trust had no standing to dispute how their transaction for the sale of the subject property was consummated once Publix Supermarkets, Inc., gave notice that it would exercise its right of first refusal over the property. At the conclusion of the hearing on the motion to dismiss, the circuit court took the matter under advisement and then issued the orders now on appeal, orders which were silent as to any basis or rationale for the dismissals of Acquisition Trust's complaint.

cause of action."). Accordingly, we reverse the orders of the circuit court and remand this case for further proceedings consistent with this opinion.

Our reversal necessarily affords Acquisition Trust the opportunity to file an amended complaint, a pleading that, it appears from the record and the representations made to us during oral argument, will likely be filed and will likely differ in some respects from the dismissed complaint. And obviously, we have no way of knowing in advance the manner in which Appellees will choose to respond to such an amended pleading when or if it is served. The parties urge us to nevertheless render an opinion on the merits of the substantive legal controversy that was argued in the prior motion to dismiss the original complaint. In this case, though, we must respectfully decline their invitation. Cf. State v. Barati, 150 So. 3d 810, 813 (Fla. 1st DCA 2014) ("Under the Florida Constitution, only the Florida Supreme Court has the jurisdiction to issue advisory opinions." (first citing art. V, § 3(b)(10), Fla. Const.; and then citing Fla. House of Representatives v. League of Women Voters, 118 So. 3d 198, 207 (Fla. 2013)). We express no opinion, then, on the substantive issues raised below and in this appeal but must leave that to the parties and the circuit court to develop more fully following remand.

Reversed and remanded.

MORRIS, J., and CASE, JAMES R., ASSOCIATE SENIOR JUDGE, Concur.